UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UMEME HOYE,

Plaintiff,

v.

DELTA AIRLINES, INC.,

Defendant.

_________________________________/

Case No. 2:26-cv-11219

District Judge Susan K. DeClercq
Magistrate Judge Kimberly G. Altman

**ORDER[1] DENYING PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT (ECF No. 11)**
**AND**
**REPORT AND RECOMMENDATION[2] TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 9)[3]**
**AND**
**ORDER DIRECTING PLAINTIFF TO FILE A RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

---

[1] "A motion to set aside a Clerk's entry of default is considered a non-dispositive motion that a Magistrate Judge can decide directly under 28 U.S.C. § 636(b)(1)(A), rather than addressing by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B)." *Allstate Fire & Cas. Ins. Co. v. Novosad*, No. 16-12481, 2016 WL 5430191, at *1 n.2 (E.D. Mich. Sept. 29, 2016) (collecting cases).

[2] The undersigned must proceed by Report and Recommendation because a motion for default judgment is dispositive and "[o]nly a district court judge can issue a dispositive order." *Willis v. Unknown Detroit Police Officers*, No. 09–13406, 2010 WL 2232164, at *1, n.1 (E.D. Mich. Apr. 29, 2010) (citing *Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999)), *report and recommendation adopted*, 2010 WL 2232160 (E.D. Mich. May 26, 2010).

[3] Upon review of the parties' papers, the undersigned deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

## I. Introduction

This is an employment case. Plaintiff Umeme Hoye, proceeding *pro se*, filed a complaint claiming disability discrimination and retaliation against defendant Delta Airlines, Inc. (Delta). (ECF No. 1). As best as can be gleaned, Hoye's claims stem from his refusal to sign a form which he believed was discriminatory and his employment was terminated as a result. Pretrial proceedings were recently referred to the undersigned. (ECF No. 17). Several months prior to the referral, the parties filed motions, as follows: Delta's motion to dismiss (ECF No. 8), Hoye's motion for a default judgment (ECF No. 9) and Hoye's motion for Clerk's entry of default (ECF No. 11). For the reasons that follow, Hoye's motion for Clerk's entry of default will be DENIED, and it is RECOMMENDED that Hoye's motion for default judgment be DENIED. Hoye will also be ordered to file a response to Delta's motion to dismiss by **November 5, 2026**.

## II. Background

On April 14, 2026, Hoye filed his complaint. (ECF No. 1). Thereafter, a summons was provided to Hoye for service. (ECF No. 4). As will be explained, although Delta was not properly served, it appeared through counsel and filed a motion to dismiss. *See* ECF No. 8 – motion to dismiss filed on June 2, 2026 and ECF No. 12 – attorney appearance filed on June 5, 2026. Also on June 2, Hoye

filed a motion for default judgment. (ECF No. 9). Then, two days later, on June 4, 2026, Hoye filed a motion seeking a Clerk's entry of default. (ECF No. 11). Hoye then filed a "letter" on June 8, 2026 which acknowledges the motion to dismiss but does not provide a substantive response. (ECF No. 13). On June 16, 2026, Delta filed a response to Hoye's motions. (ECF No. 15). On June 22, 2026, Delta filed a reply, essentially saying that Hoye has not substantively responded to the motion to dismiss. (ECF No. 16). Nothing else happened in the case until October 1, 2026, when the case was referred to the undersigned. (ECF No. 17).

## III. Hoye's Motions

### A. Legal Standards

Fed. R. Civ. P. 55 governs defaults, which are appropriate only where a defendant "has failed to plead or otherwise defend." A default judgment may be entered by the Clerk or Court.

> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment…If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal

statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

A plaintiff must first secure a default before he can seek entry of a default judgment. *See* Fed. P. Civ. P. 55(a), (b)(2). Under Rule 55, a plaintiff must follow a two-step process to obtain a default judgment against a defendant. First, under subsection (a), a plaintiff must request and obtain the clerk's entry of default against the defendant. Fed. R. Civ. P. 55(a). Second, under subsection (b), a plaintiff must move for entry of a default judgment either by the clerk or the district court. Fed. R. Civ. P. 55(b). The clerk's entry of default is a prerequisite for default judgment. *See, e.g., McCoy v. Fowler*, No. 2:22-CV-12237, 2023 WL 7030570, at *1 (E.D. Mich. Sept. 26, 2023), *report and recommendation adopted*, 2023 WL 7027494 (E.D. Mich. Oct. 25, 2023).

Even if the Clerk enters a default, "an entry of default does not guarantee that a default judgment will follow." *Gray v. DTE Energy Co. Ret. Plan*, No. 2:24-CV-11416- TGB-EAS, 2026 WL 800186, at *2 (E.D. Mich. Mar. 23, 2026). Before granting a motion for default judgment, this Court must ensure that four procedural requirements have been met: (1) it has both subject-matter jurisdiction

over the claim and personal jurisdiction over the defendant, (2) the defendant was properly served, (3) the defendant has failed to appear and to defend, and (4) the plaintiff is entitled to the relief sought. *GS Holistic LLC*, 2026 WL 766170, at *2 (citing *Marelli Auto. Lighting v. Indus. BM de Mex.*, No. 2:20-10331, 2021 WL 5121273, at *1–2 (E.D. Mich. Nov. 4, 2021) (citations omitted)). And if a party can meet these procedural requirements, the Court must then consider certain equitable factors: (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits. *Id.*

B. Discussion

Hoye's motion for Clerk's entry of default and his motion for default judgment fail for several reasons. First, although Hoye *moved* for a Clerk's entry of default, the Clerk has not entered a default. So, his motions should be denied, as he has not met the first step required to obtain a default judgment. *See Golden v. Nat'l Fin. Adjusters*, 555 F. Supp. 42, 46 (E.D. Mich. 1982) (granting the defendants' motion to set aside defaults and denying the plaintiff's motion for default judgment).

Second, as Delta points out in detail in its response, Hoye cannot meet the procedural requirements to obtain a default judgment for two reasons. For one,

service itself was not proper. Federal Rule of Civil Procedure 4(h) governs service of a "domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name[.]" Corporations must be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1).

Federal Rule of Civil Procedure 4(e)(1) allows for service of a corporation "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The applicable Michigan Court Rule, M.C.R. 2.105(D)(1), which concerns service on corporations, provides that services of process on by

> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
>
> (3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation

that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;

(4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Corporations, Securities & Commercial Licensing Bureau, Corporation Division if

(a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law;

(b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or

(c) the corporation's term of existence has expired.

Here, the record reflects only one attempted method of service, namely mailing the summons and complaint to Delta's registered agent in Michigan via priority mail. *See* ECF No. 15-1, PageID.97-98. This is not sufficient service. Even if service was done by certified mail, which is not the same as priority mail, it would still be improper. Certified mail is not a proper way to serve a corporation in Michigan. *See Nieves v. Kiekert AG*, No. 20-11467, 2020 WL 6335993, at *3 (E.D. Mich. Oct. 29, 2020); *Harper v. ACS-Inc.*, No. 10-12112, 2010 WL 4366501, at *4 (E.D. Mich. Oct. 28, 2010) ("[C]ourts in the Eastern District of Michigan consistently have held that proper service in Michigan does not include service by mail."); *Walker v. Brooke Corp.*, No. 08-14574, 2009 WL 1689653, at *2 (E.D. Mich. June 17, 2009) ("Cases in this district that have addressed the issue

have held that the Michigan rules do not authorize service by registered mail on corporations.").

Additionally, Hoye cannot meet the procedural requirement that the defendant has failed to appear or defend. Although service was improper, Delta nevertheless took note of Hoye's complaint. Delta has appeared through counsel and is actively defending the case.

Hoye fails to meet all of the other equitable factors as well. As to the merits of the claims, Delta's motion to dismiss calls into question whether Hoye's claims should proceed. Delta "must simply advance a defense 'good at law,' not necessarily one that will likely succeed." *Southern Elec. Health Fund v. Bedrock Servs*., 146 F. App'x 772, 777 (6th Cir. 2005) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)). The "key to the meritorious defense inquiry is the determination of 'whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Id.* (quoting *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 399 (6th Cir. 1987)). Delta has done so here.

There is also no prejudice to Hoye by having the case move forward for a decision on the merits.

## IV. Delta's Motion

As noted, Delta has filed a motion to dismiss. Hoye has not formally

responded to the motion, other than the aforementioned letter he filed. (ECF No. 13). Given Hoye's *pro se* status coupled with the preference for adjudicating cases on the merits, as well as this order and recommendation on Hoye's motions, the undersigned will direct Hoye to file a substantive response to Delta's motion.

V. Conclusion

For the reasons stated above, Hoye's motion for Clerk's entry of default (ECF No. 11) is DENIED. Hoye shall file a response to Delta's motion to dismiss by **November 5, 2026**.

SO ORDERED.

Further, it is RECOMMENDED that Hoye's motion for default judgment (ECF No. 9) be DENIED.

Dated: October 5, 2026
Detroit, Michigan

s/Kimberly G. Altman
KIMBERLY G. ALTMAN
United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 5, 2026.

s/Dru Jennings
DRU JENNINGS
Case Manager